IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD POWELL, | :<br>:<br>: Civil Action No. 11-486 (RBK-KW) |
| Plaintiff, | :<br>: **OPINION** |
| v. | : |
| REBECCA DUTTON, MICHAEL LITTLE, LISA MERSON, and MICHAEL DELOY, | :<br>: |
| Defendants. | : |

**KUGLER**, United States District Judge**:**

Plaintiff Edward L. Powell, III ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising supplemental state claims. He has since been released. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I.     BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review. (D.I. 3.)

Plaintiff is the Petitioner in a case filed in the Family Court of the State of Delaware for Kent County ("Family Court") against his former spouse, Heather R. Green, File CK08-02294, Petition 10-15271. (Id. at exs. 4-6, 13-17.) The Family Court docket, dated April 13, 2011,

indicates that Plaintiff is represented attorney Thomas L. Little. (Id. at ex. 13.) On February 3, 2011, the Family Court issued notices of a hearing set for April 1, 2011 at 9:30 AM. (Id. at exs. 4-7.) The court docket, however, contains no docket entry for the hearing. On February 23, 2011, Plaintiff requested that prison law library make photocopies of a motion for a court docket with exhibits. The next day, February 24, 2011, Defendant paralegal Rebecca Dutton ("Dutton") contacted the Family Court and was informed that the case wherein Plaintiff wished to file the motion was closed, and she denied the request for photocopies. (Id. at ex. 1.)

Plaintiff submitted two grievance on March 3, 2011 complaining of Dutton's actions.[1] Plaintiff complained that he was unable to prepare for his case and asked for a lawyer or funds to pay a lawyer. Defendant Michael Little ("Little") was the investigator for one grievance and Defendant Lise Merson ("Merson") was the Institutional Grievance Chair for both grievances. The grievances were denied on the grounds that Dutton followed procedure and that Plaintiff's issue was with the Family Court. Plaintiff appealed and Defendant Michael Deloy ("Deloy") denied the appeal. (Id. at exs. 9, 11, 18, 25-27, 29.)

Next, on March 13, 2011, Plaintiff submitted a request for copies of a transcript for his mother's attorney, his ex-attorney, and for the judge for use at the April 1, 2011 hearing. Plaintiff was advised that copies of transcripts should be sent to the business office with a "pay to." (Id. at

---

[1]Plaintiff also submitted a grievance on November 5, 2010, complaining of actions taken by Dutton on November 1, 2010 when she would not make additional copies of documents for Plaintiff's attorney, noting that she had already provided copies for the court. In addition, Plaintiff complained that Dutton sought irrelevant information about his attorney. (D.I. 3, exs. 19, 20, 22.) Other exhibits include photocopy requests to the law library, dated November 1 and 5, 2010 and February 7, 2011. (Id. at exs. 31, 32, 33.) The foregoing grievance and exhibits are unrelated to the allegations in the complaint.

2

ex. 30.) Plaintiff wrote to Major Mike Costello on March 30, 2011 complaining of Dutton's actions and reiterating that he had an April 1, 2011 court date. (Id. at ex. 2.) The Family Court docket indicates that several orders were entered on April 1, 2011. (Id. at exs. 16-17.)

Plaintiff alleges denial of his rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. More particularly, he alleges: (1) Dutton denied him the right to redress the courts, access the courts, and properly prepare a defense; (2) Little implemented polices and procedures for the paralegal department at the VCC that denied him the right to prepare his own defense, access the courts, redress his grievances, and he implemented an inadequate law library; and (3) Merson, as the grievance chairperson, and Deloy, as Bureau Chief, allowed the paralegal department to act in the manner it did. Plaintiff seeks compensatory and punitive damages.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent

3

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## IV.    ANALYSIS

### A.    Access to the Courts

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law

---

[2]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

It is evident in reading Plaintiff's Complaint that he was provided access to the courts, even though he was not satisfied with the access provided. In addition, it appears from the exhibits that Plaintiff was represented by counsel in the Family Court matter. (See D.I. 3, exs. 13, 16, 17.) Where an inmate is represented by counsel, his right of access to the courts is satisfied as a matter of law. Lamp v. Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997) ("For, once the State has provided a petitioner with an attorney in postconviction proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'") (quoting Lewis v. Casey, 518 U.S. at 356); Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8th Cir. 1995) (having appointed counsel is one way in which the State can shoulder its burden of assuring access to the courts); Annis v. Fayette Cnty. Jail, Civ. No. 07-1628, 2008 WL 763735, at *1 (W.D. Pa. Mar. 20, 2008); Sanders v. Rockland Cnty. Corr. Facility, Civ. No. 94 3691, 1995 WL 479445, at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial."); Williams v. Vaughn, No. 90-5617, 1991 WL 34429, at *4 (E.D. Pa. Mar. 12, 1991) ("Thus, [plaintiff-inmate] was not actually injured by any inability to gain access to the law library since he ultimately obtained

representation."). Finally, there are no allegations of actual injury by the alleged denial of access to the library. To the contrary, the orders entered by the Family Court on April 1, 2011, reveal no injury to Plaintiff but instead authorize the exchange of letters and telephone communication between the natural father (i.e., Plaintiff) and his children, appoint Plaintiff an attorney, and give the paternal grandparents an additional two hours of visitation per month. (D.I. 3, exs. 16, 17.)

For the above reasons, Plaintiff's access to the courts claim fails as a matter of law and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

    **B.**    **Respondeat Superior**

Plaintiff refers to actions taken by Little, Merson, and Deloy in their supervisory positions. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. Brito v. United States Dep't of Justice, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing Iqbal, 129 S.Ct. at 1948-49); Rode v. Dellarciprete, 845 F.2d at 1207).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." Iqbal, 129 S.Ct. at 1948 (2009). In Iqbal, the Supreme Court emphasized that "[i]n a § 1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010), cert. denied, __U.S.__, 131 S.Ct. 2150 (2011) (quoting Iqbal 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. Id.

Under pre-Iqbal Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)) (second alteration in original)). "Particularly after Iqbal, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." Id. at 130.

8

The Third Circuit has recognized the potential effect that Iqbal might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether Iqbal requires narrowing of the scope of the test. Santiago, 629 F.3d at 130 n.8; see, e.g., Argueta v. United States Immigration and Customs Enforcement, 643 F.3d 60 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether Iqbal eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so in order to dispose of the appeal then before us."); Bayer v. Monroe Cnty. Children and Youth Servs., 577 F.3d 186, 190 n.5 (3d Cir. 2009) (In light of Iqbal, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official.) Hence, it appears that, under a supervisory theory of liability, and even in light of Iqbal, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[3] Williams v. Lackawanna Cnty. Prison, Civ. No. 07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; e.g., supervisory liability may attach if the plaintiff asserts facts showing

---

[3] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." Sample v. Diecks, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." Id. at 1116-17.

that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also Iqbal, 129 S.Ct. at 1949-54; City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 F. App'x 240 (3d Cir. 2005) (not published).

The allegations against Little, Merson, and Deloy are conclusory. Plaintiff provides no specific facts how they allegedly violated his constitutional rights, that they expressly directed the deprivation of his constitutional rights, or that they created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Accordingly, the court will dismiss the claims against Little, Merson, and Deloy as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.      Grievances**

Plaintiff also complains of actions taken by Little, Merson, and Deloy during the grievance process. The filing of prison grievances is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (not published) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Finally, the denial of his grievance appeal does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. Winn v. Department Of Corr., 340 F. App'x 757, 759 (3d Cir. 2009) (not published) (citing Flick v. Alba, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed or that the grievance process is inadequate. Therefore, the Court will dismiss the grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Amendment of the Complaint would be futile. An appropriate order shall follow.


Date: August 22, 2011

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge